876 P.2d 154

Josh SANDERS, Plaintiff–Appellant,

v.

KUNA JOINT SCHOOL DISTRICT
and Mr. "John Doe" Emery,
Defendants–Respondents.

No. 20720.

Court of Appeals of Idaho.

June 16, 1994.

Kuna High School, attempted to slide into first base during a softball game and broke his ankle. Sanders had been enrolled in a specialized physical education class which provided instruction in weight lifting. On the date of the incident, the instructor, respondent Ron Emry, decided to have the class play softball outside instead of weight lifting. The students were not informed of this decision until after they appeared in the school's weight room. According to Sanders, on that particular day he was wearing a pair of "Saucony Shadows," a shoe designed specifically for running. Once on the softball field, Emry did not give instruction in the game of softball and supervised the game from behind a backstop. During one particular sequence of play, Sanders attempted to slide into first base in order to avoid being tagged out. During the slide, Sanders broke his ankle.

Following proper notice as required by I.C. §§ 6–901 *et seq.*, Sanders filed suit against Emry and the school district as Emry's employer. Sanders claimed that Emry had been negligent by requiring the students to play softball, by failing to adequately supervise the students, including inspecting their footwear, and by failing to properly instruct the students on how to play softball.

After initial discovery was completed, the respondents filed a motion for summary judgment on grounds that, accepting the truth of Sanders' evidence, it did not prove a claim of negligence as a matter of fact. The district court granted the respondents' motion. Sanders now appeals to this Court, claiming that the district court improperly granted the summary judgment.

Egusquiza & Weigt, Boise, for appellant. Dennis C. Weigt, argued.

Quane, Smith, Howard & Hull, Boise, for respondents. Scott B. Muir, argued.

PERRY, Judge.

Josh Sanders appeals from a district court order granting summary judgment in favor of the respondents, Kuna Joint School District and Ron Emry.[1] For the reasons stated below, we affirm the judgment.

## FACTS AND PROCEDURE

The underlying facts of this lawsuit are generally agreed upon by all of the parties. On May 15, 1990, Josh Sanders, a student at

## ANALYSIS

■ We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and

1. We acknowledge that the heading in the district court's pleadings spell respondent's name as "Emery." However, the affidavit of respondent indicates the proper spelling as "Emry."

whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing the motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991).

■■■ The party moving for summary judgment initially carries the burden to establish there is no "genuine issue of material fact" and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox,* 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App.1992). When the party moving for summary judgment will not carry the burden of production or proof at trial, the "genuine issue of material fact" burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. Once such an absence of evidence has been established,[2] the burden then shifts to the party opposing the motion to establish, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial, or to offer a valid justification for the failure to do so under I.R.C.P. 56(f).

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's

case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (citations omitted).

The language and reasoning of *Celotex* has been adopted by the appellate courts of Idaho. *See, e.g., G & M Farms, supra; Barab v. Plumleigh,* 123 Idaho 890, 892, 853 P.2d 635, 637 (Ct.App.1993); *Podolan v. Idaho Legal Aid Services, Inc.,* 123 Idaho 937, 941, 854 P.2d 280, 284 (Ct.App.1993); *Ryan v. Beisner,* 123 Idaho 42, 44–45, 844 P.2d 24, 26–27 (Ct.App.1992).

■■■ In this case, Sanders would bear the burden of proof at trial to establish the elements of negligence. In Idaho, a cause of action in negligence requires proof of the following: (1) the existence of a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.,* 119 Idaho 171, 175–76, 804 P.2d 900, 904–05 (1991).

The respondents contended in their summary judgment motion that Sanders had failed to offer sufficient proof of causation. In order to properly analyze the evidence of causation, we must look separately at the negligent instruction and negligent supervision claims.

■■■ As to the negligent instruction claim, we agree with the district court that the record reveals a lack of evidence as to causation. Sanders simply claims that Emry failed to instruct the students in the game of

---

**2.** Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *See* Martin B. Louis, *Federal Summary Judgment Doctrine: A Critical Analysis,* 83 Yale L.J. 745, 750 (1974).

softball and that such a failure caused the injury. Sanders does not, however, offer any evidence as to what the instructions should have been, how such instructions would have prevented the injury, or how Sanders improperly slid. We agree with the conclusion of the district court that a rational jury could not find a causal connection between the failure to instruct and the resulting injury on the evidence presented. Therefore, the district court did not err in granting summary judgment as to Emry's alleged negligent instruction.

■ With respect to the negligent supervision claim, there are two separate issues we must consider—the actual supervision of the game as it was being played and the failure to inspect the footwear of the students. Again, as with the negligent instruction claim, Sanders' allegation of negligent supervision during the actual game must fail for lack of proof of causation. Sanders alleges that Emry failed to supervise the game and that such a failure caused the injury. Sanders does not offer any evidence, however, as to what the supervision of the game should have entailed, how that supervision was related to sliding or how such supervision would have prevented the injury. The only causal connection offered is the naked inference that if Emry had been standing on the field giving instruction to each student as the class played, this injury would not have occurred. Such an implausible inference does not rise to the level of evidence, however. In short, Sanders has failed to offer sufficient evidence of the causal connection between Emry's alleged negligent supervision and the injury. The district court's conclusion that no reasonable jury, on this evidence, could find a causal connection between the two was correct and, therefore, the summary judgment was properly granted as to this issue.

■ As to the issue of whether Emry was negligent in failing to inspect Sanders' shoes and should have prevented Sanders from playing in them, there is a mere scintilla of evidence presented. Sanders offered his own deposition testimony that he was playing in shoes that were designed for running. In response to the summary judgment motion, Sanders submitted the affidavit of the owner/manager of an athletic shoe store. The witness states that, "from a safety standpoint I would not recommend the use of the Saucony Shadow Shoe for use as a baseball or softball shoe." No evidence was offered, however, beyond the *post hoc* inference that because this was a running shoe with a wide sole, it must have caused the injury. Further, there was no evidence how a different shoe would have prevented the injury. Offering the mere coincidence that Sanders was injured and that he was wearing running shoes at the time is not sufficient to establish a causal connection. There must be some evidence that the shoe caused the injury. The evidence offered, the testimony of Sanders and the owner/manager of the shoe store, is not a sufficient basis upon which a jury could base a verdict for Sanders.

■ Jurors may draw inferences of causation where such inferences are within the common experience of the average person. In this case, however, we do not believe that the common experience of the average person includes knowledge of the properties of specialized running shoes versus other types of footwear. Nor do we think the average person possesses knowledge in the mechanics of sliding or injuries from sliding. Without sufficient evidence on the differences in design, purpose, and function of the shoes worn by Sanders and other shoes, no reasonable jury could infer causation under the facts as presented in this case. Likewise, with no evidence as to the actual mechanics of this injury, a jury should not be left to speculate as what might have been the cause. Sanders has simply failed to offer any competent evidence as to the cause of this injury. Alleging temporally coincidental events is not a sufficient basis upon which a jury could find or infer causation. Therefore, the district court did not err by granting the summary judgment.

As an alternative basis for its summary judgment argument, the respondents asserted that Sanders had failed to offer sufficient evidence as to the existence of a duty. Having decided that the summary judgment was proper on the issue of causation, we need not consider this issue here.

## CONCLUSION

The respondents in this case properly carried their burden on their motion for summary judgment by showing that Sanders was unable to present sufficient evidence on the causal connection between the alleged negligence and the injury. The burden then shifted to Sanders to show that a genuine issue did exist. Sanders failed to meet this burden and therefore the summary judgment was properly granted.

Costs on this appeal are awarded to respondents; no attorney fees are awarded.

WALTERS, C.J., and LANSING, J., concur.