8 P.3d 1254

Susan R. HEATH, Plaintiff-Appellant,

v.

HONKER'S MINI–MART, INC., an Idaho corporation, and Larry D. Tucker, an individual, Defendants-Respondents.

No. 25623.

Court of Appeals of Idaho.

July 18, 2000.

Review Denied Sept. 21, 2000.

Ling, Nielsen & Robinson, Rupert, for appellant. Brent T. Robinson argued.

Brady, Lerma, Ctd., Boise, for respondents. John J. Lerma argued.

PERRY, Chief Judge.

Susan R. Heath appeals from an order of the district court granting summary judgment on her claim for personal injuries. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

On February 2, 1996, Heath slipped and fell on some ice and sustained injuries. The location of the fall was a vacant lot adjacent to Honker's Mini–Mart in Jerome. Heath filed suit against Honker's Mini–Mart, Inc., and Larry D. Tucker, the owner of the real property where the Honker's store was located, hereinafter collectively referred to as "Honker's." Heath claimed that her injuries were the result of their negligence and that Honker's had a duty to remove ice and snow in the area where she fell.

Honker's filed a motion for summary judgment asserting that Heath was not on their property when she fell and that they had no legal duty with respect to the adjacent property. Following a hearing, the district court granted the motion, entered a judgment in favor of Honker's, and dismissed Heath's complaint with prejudice. The district court granted summary judgment on the ground that Honker's had shown that Heath's fall was not on Honker's property and that Honker's owed no duty of care to Heath when she was on adjacent land that Honker's did not own. Heath appeals.

## II.

## ANALYSIS

### A. Summary Judgment

#### 1. Standard of review

Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

The party moving for summary judgment initially carries the burden to establish there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct.App.1992). When the party moving for summary judgment will not carry the burden of production or proof at trial, the genuine issue of material fact burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct.App.1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *See id.*, at n. 1, 882 P.2d at 478 n. 1. Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 273–74 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick,* 126 Idaho at 312, 882 P.2d at 479.

### 2. Location of accident

Heath argues that the district court erred in granting summary judgment because there was a material issue of fact regarding whether she was on property owned by Honker's at the time she fell. She asserts that her affidavit, submitted in opposition to Honker's motion for summary judgment, was sufficient to create a genuine issue of material fact.

■■■ The elements of a cause of action for negligence are familiar. They consist of a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; a breach of the duty; a causal connection between the defendant's conduct and the plaintiff's injuries; and actual loss or damage flowing from those injuries. *Coghlan v. Beta Theta Pi Fraternity,* 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). A landowner's duty to a person entering his or her land is dependent upon the status of that individual. *See Keller v. Holiday Inns, Inc.,* 107 Idaho 593, 595, 691 P.2d 1208, 1210 (1984). Additionally, the general rule of premises liability is that one having control

of the premises may be liable for failure to keep the premises in repair. *See Harrison v. Taylor,* 115 Idaho 588, 596, 768 P.2d 1321, 1329 (1989).

Sometime after Heath's fall, a motel was built on the vacant lot adjacent to Honker's. The record on appeal indicates that Heath was deposed on July 2, 1998. According to Heath's deposition, the spot where she had fallen in 1996 was, at the time of her deposition, occupied by the motel. Based on this testimony, Honker's moved for summary judgment on the ground that Heath did not fall, and was not injured, on land owned by Honker's. Filed in support of Honker's motion were several exhibits, including a plat diagram provided by the Jerome County Assessor's office and the legal description of the property on which the motel was located. According to Tucker's affidavit in support of the motion for summary judgment, a review of the records indicated that Honker's did not own, nor did it ever own, the property on which the motel was located and upon which Heath was injured.

In response to Honker's motion and supporting affidavits, Heath filed affidavits in opposition. After reviewing the diagrams submitted by Honker's, Heath averred that "she may well have been on the property owned" by Honker's at the time of her accident.

Idaho Rule of Civil Procedure 56(e) governs the defense of a motion for summary judgment, and states, in relevant part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.*

(Emphasis added.).

Idaho Rule of Civil Procedure 56(e) is identical to its federal counterpart and, thus, we find federal law instructive to this Court's analysis of the issue at hand. It is not the intent of F.R.C.P. 56 "to preserve purely speculative issues of fact for trial." *Exxon*

*Corp. v. Federal Trade Comm'n,* 663 F.2d 120, 128 (D.C.Cir.1980). A party opposing summary judgment cannot demand a trial simply because of the "speculative possibility that a material issue of fact may appear at that time." 10B CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, WRIGHT MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2739 at 388–89 (3d ed.1998). *See Childers v. High Society Magazine, Inc.,* 557 F.Supp. 978, 984 (S.D.N.Y.1983) (an unsupported statement that "it might not be so" was insufficient to raise a genuine issue of material fact to defeat a motion for summary judgment).

■■■ Moreover, it is well settled that a mere scintilla of evidence or only a slight doubt as to the facts is insufficient to withstand summary judgment. *Corbridge v. Clark Equip. Co.,* 112 Idaho 85, 87, 730 P.2d 1005, 1007 (1986). Based on the foregoing, we hold that Heath's assertion that she "may well have been" on property owned by Honker's was insufficient to create a genuine issue of material fact regarding that issue in the face of her previous deposition testimony and Tucker's specific averment and supporting documentation to the contrary. Therefore, the district court did not err in granting summary judgment on this ground.

### 3. Duty

■■■ Heath contends that Honker's owed her a duty of care regardless of whether she was on land owned by Honker's. Heath asserts that Honker's was "occupying" the vacant lot because patrons of Honker's were using that lot for ingress and egress. Generally, the question whether a duty exists is a question of law. *Coghlan,* 133 Idaho at 400, 987 P.2d at 312. Therefore, this Court exercises free review. *Turpen v. Granieri,* 133 Idaho 244, 247, 985 P.2d 669, 672 (1999).

Heath relies on two cases from other states in support of her argument that the duty of an occupier of land extends off the premises. In *Limberhand v. Big Ditch Co.,* 218 Mont. 132, 706 P.2d 491 (1985), the court relied on a state statute defining negligence in rendering its decision. In *Bober v. New Mexico State Fair,* 111 N.M. 644, 808 P.2d 614 (1991), the court relied on a state statute defining the duty to exercise ordinary care for the safety of the person and property of others.

The law of negligence in Idaho, unlike that of Montana or New Mexico, is not codified and remains subject to common-law analysis. Moreover, in Idaho, unlike either Montana or New Mexico, the duty of a landowner varies with the status of the person injured. *Compare DeGraff v. Wight,* 130 Idaho 577, 579, 944 P.2d 712, 714 (1997) (an owner or occupier's duty to a known trespasser, or a trespasser that could reasonably have been anticipated, is to not injure the trespasser by a willful and wanton act or by doing an affirmative act of negligence), *and Giles v. Montgomery Ward Co.,* 94 Idaho 484, 485, 491 P.2d 1256, 1257 (1971) (an owner or occupier's duty to a business invitee requires it to keep the premises in a reasonably safe condition or warn of hidden or concealed dangers of which the owner or one in charge knew or should have know by the exercise of reasonable care). Therefore, we find Heath's reliance on both *Limberhand* and *Bober* misplaced.

We find the reasoning of the court in *Chimiente v. Adam Corp.,* 221 N.J.Super. 580, 535 A.2d 528 (Ct.App.Div.1987) helpful in our analysis of the instant case. In New Jersey, a commercial landowner is responsible for maintaining, in reasonably good condition, the sidewalks abutting its property. One of the rationales for this rule is that sidewalks increase the value of commercial property. In holding that a well-worn path used by some customers to gain access to the property was not a sidewalk for the purposes of this rule, the *Chimiente* court stated that there was no duty "upon commercial landowners to maintain contiguous lands owned by others simply because the public chooses to use the lands as a means of access to the commercial property." *Id.* at 530. The *Chimiente* court noted that a commercial landowner had no legal right to assume control and maintenance over property owned by others and used by trespassers to access the landowner's business.

■■■ As stated above, the general rule of premises liability is that one having control

of the premises may be liable for failure to keep the premises in repair. *See Harrison,* 115 Idaho at 596, 768 P.2d at 1329. Honker's neither owned, occupied, nor controlled the premises upon which Heath fell and was injured. Heath, however, urges this Court to expand the law of negligence in Idaho so that the owner of commercial property is responsible for conditions upon unoccupied adjacent property, that it does not control, which cause injury. We conclude that such an expansion of the law should rest in the hands of the legislative branch through codification of the law of negligence as it pertains to the duty of landowners. Therefore, we hold, as a matter of law, that a commercial landowner, who has no right to control or enter adjacent property, owes no duty of care to a trespasser on that adjacent property.

## B. Attorney Fees

Honker's asserts that Heath has pursued this appeal frivolously, unreasonably, and without foundation. Honker's also argues that Heath's arguments on appeal are the same as those presented to the district court. Thus, Honker's contends that they are entitled to attorney fees on appeal.

 An award of attorney fees may be granted under I.C. § 12–121 and I.A.R. 41 on appeal to the prevailing party. Such an award is appropriate when this Court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably or without foundation. *Excel Leasing Co. v. Christensen,* 115 Idaho 708, 712, 769 P.2d 585, 589, (Ct.App.1989). When a party on appeal fails to present any significant issue regarding a question of law, where no findings of fact made by the district court were clearly or arguably unsupported by substantial evidence, and where this Court is not asked to establish any new legal standards or modify existing ones, the appeal will be deemed to be unreasonable and without foundation. *Id.*

 Heath argued for an extension of the law in the area of premises liability, relying on case law from other jurisdictions in support of her argument. Additionally, Heath correctly noted that there is no Idaho case law addressing the issues presented in this appeal. Therefore, we cannot say that this appeal was pursued frivolously. Accordingly, Honker's request for attorney fees is denied.

## III.

## CONCLUSION

We hold that Heath's affidavit in opposition of Honker's motion for summary judgment was insufficient to create a genuine issue of material fact regarding whether she was on Honker's land at the time she was injured. We further hold that a commercial landowner owes no duty of care to an individual who is trespassing on land not owned by, but adjacent to, that landowner's property. Therefore, the order of the district court, granting summary judgment in favor of Honker's, is affirmed. Costs, but not attorney fees, are awarded on appeal to respondents, Honker's Mini–Mart, Inc. and Tucker.

Judge LANSING, and Judge Pro Tem SWANSTROM concur.