IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38732

| RAYMOND A. ROLES, | ) | 2012 Unpublished Opinion No. 379 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: February 29, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MELODEE ARMFIELD, Disciplinary | ) | THIS IS AN UNPUBLISHED |
| Report Officer, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order granting motion for summary judgment, <u>affirmed</u>.

Raymond A. Roles, Boise, pro se appellant.

Naylor & Hales, P.C.; James R. Stoll, Boise, for respondent.

_____

GRATTON, Chief Judge

Raymond A. Roles appeals from the district court's order granting defendant's motion for summary judgment and dismissing plaintiff's complaint with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Roles is an inmate currently under the jurisdiction of the Idaho Department of Correction, and is currently incarcerated at the Idaho Correctional Center (ICC) which is a private corporation operated by the Corrections Corporation of America, Inc. The respondent, Melodee Armfield, is a disciplinary report officer at ICC. On April 20, 2010, Roles was in his cell area when another inmate came into the cell area and a physical altercation ensued in which Roles struck the other inmate in the left side of his jaw with a pencil. Additionally, Roles and the other inmate exchanged punches and wrestled on the floor.

On May 4, 2010, Armfield filed a disciplinary offense report, charging Roles with aggravated battery. A disciplinary hearing was held on May 5, 2010, at which Roles defended

the charge on the basis that he was acting in self-defense. Armfield confirmed the offense and sanctioned Roles to seventeen days of detention time. Roles appealed internally on the self-defense theory. Armfield's response was as follows:

> Other inmate in the situation did not have a weapon. You attacked with a weapon [and] attacked in such a manner that your intent was to cause great bodily injury up to and including death based on the area of the other [inmate's] body that you struck with the weapon. Decision stands.

Two other ICC employees (Assistant Warden Tom Kessler and Warden Timothy Wengler), reviewed and affirmed the finding of aggravated battery, noting that the other inmate was unarmed, and that Roles attacked the other inmate first and with a weapon. As a result of the disciplinary action, Roles was sentenced to seventeen days of segregation, and his custody level was raised to close-custody for five years.

On August 30, 2010, Roles filed a prisoner civil rights complaint, alleging that Armfield violated his Fourteenth Amendment right to equal protection when she did not dismiss the aggravated battery charge. Roles claimed Armfield was required to do so pursuant to Idaho statutes recognizing self-defense as a defense available to free individuals charged with the same crime. Armfield filed a motion for summary judgment, and a hearing was held. Armfield's counsel appeared in person; Roles appeared telephonically. The district court granted Armfield's motion for summary judgment on the ground that Roles could not prevail in his equal protection claim. Roles timely appeals.

## II.

## DISCUSSION

Roles contends that the district court erred by granting Armfield's motion for summary judgment. He also contends that the district court erred by denying his request for transport and to be present at the hearing. Armfield asserts that the district court did not err by granting her motion for summary judgment, and further that the district court did not abuse its discretion by denying Roles' hearing motions.

We first note that summary judgment under Idaho Rule of Civil Procedure 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When

assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

**A.      Equal Protection**

Roles first asserts that the district court erred in granting summary judgment in favor of Armfield because Roles failed to allege a viable equal protection claim.  Roles' complaint asserted the following:

> Defendant did violated [sic] my 14th Amend. Right to equal protection of the law.  Plaintiff has the right to protect himself against unlawful assualt [sic] and attack pursuant [sic] Idaho Code [].  I have the right to use such force as is necessary to stop any unlawful assualt [sic] and attack.  No state agency can have rule, regulation or policy which is in conflict with this code section[].  My right is protected under United States Constitution and the Constitution of the State of Idaho, and the laws of Idaho.

 "The guaranty of equal protection under the laws has been defined to mean that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances in their lives, liberty and property and in the pursuit of happiness." *State v. Hayes*, 108 Idaho 556, 560, 700 P.2d 959, 963 (Ct. App. 1985) (internal quotations omitted).  "In other words, the equal protection clause of the fourteenth amendment is designed to assure that those persons *similarly situated* with respect to a governmental action should be treated similarly." *Id.* (internal quotations omitted) (emphasis in original); *see Primary Health Network, Inc. v. State*, 137 Idaho 663, 670, 52 P.3d 307, 314 (2002) ("Equal protection issues focus upon classifications within a statutory scheme that allocate benefits or burdens differently among categories of persons affected.").

With the exception of one statement during the summary judgment hearing referring to "prisoners" generally, Roles' arguments focus solely on whether he, as an individual, has a right to assert self-defense as a defense to an aggravated assault charge, and whether his disciplinary hearing and its outcome were improper.  He does not assert that prisoners, collectively, have been denied equal protection.  Indeed, as the district court noted:  "[T]he Plaintiff's arguments focus on the fact that the Defendant [Armfield] did not accept the Plaintiff's (with the Plaintiff situated as an individual and not as a member of a group) defense of self-defense."  Thus, Roles' pleadings and argument cannot reasonably be construed as an equal protection claim on behalf of incarcerated persons in Idaho.  Nor does Roles properly allege an equal protection claim as a "class of one," as he fails to allege intentional discrimination in the application of the law. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Viking Construction, Inc. v. Hayden Lake Irr. Dist.*, 149 Idaho 187, 198-99, 233 P.3d 118, 129-30 (2010).  Therefore, the district

4

court was correct in finding that Roles had failed to properly allege an equal protection claim, and we affirm the district court to the extent Roles' claims a violation of his right to equal protection.

Even though the district court noted that Roles had failed to allege a suspect class, the court further stated that, viewing the facts favorably to Roles, his equal protection claim failed because of the absence of a deliberate plan of discrimination based on some unjustifiable classification. Therefore, even though Roles asserts that he raised "prisoners" as a class, he failed to allege and present facts satisfying an equal protection claim.[1]

**B.      Summary Judgment Hearing**

Roles next argues that the district court erred by denying his request to be present in the courtroom for the summary judgment hearing. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Idaho Rule of Civil Procedure 7(b)(4)(A) provides that "any motion, other than motions for summary judgment unless the parties stipulate," may be heard by telephone or videoconference. Roles asserts that the district court's denial of his request for transport, so he could appear in person at the hearing, is a violation of that rule. Decisions of the United States Supreme Court establish that the due process protections extend to prisoners and afford them a limited right of access to the courts to pursue actions for violations of their civil rights. *See State v. Garcia*, 132 Idaho 505, 510, 975 P.2d 793, 798 (Ct. App. 1999). This does not mean, however, that an inmate has an absolute right to be personally present at trial or hearing in a civil case. *See id.* (inmate does not have "an absolute right to be personally present at trial in civil

---

[1]      The district court did not analyze a due process claim as none was pled. Roles did not argue in his opening brief to this Court that the district court erred in failing to address due process. The State asserts that if this Court determines to address the claims under a due process analysis, Roles cannot prevail. In his reply brief, Roles asserts that he raised due process, but simply reiterates his underlying arguments. We will not address a claim that was neither pled nor addressed by the district court.

litigation"); *DeMoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1986) (When the plaintiff in a civil suit is confined in a state prison at the time of a hearing, he has no right to appear personally.); *McKinney v. Boyle*, 447 F.2d 1091, 1094 (9th Cir. 1971) (same). We enumerated some of the factors appropriate for consideration in balancing the private and governmental interests at stake when an inmate seeks to appear personally in court in a civil proceeding:

> [T]he trial court may take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.

*In re Baby Doe*, 130 Idaho 47, 52, 936 P.2d 690, 695 (Ct. App. 1997).

In denying Roles' motions, the district court stated that: (1) it is not a matter of right for an inmate serving a long sentence to be brought to court every time on a civil matter, whether or not the matter has any merit; (2) the district court was aware Roles was convicted for very serious offenses and was serving a lengthy prison sentence; and (3) that as a matter of course, the district court does not routinely, in every case involving long sentence, high security inmates, bring them to court for civil matters which they initiate. In doing so, it is clear that the district court perceived the issue as one of discretion, considered the proper factors, and reached its decision to deny the motion through an exercise of reason. Therefore, the district court did not abuse its discretion in denying Roles' request to appear in person.

Moreover, even if we assumed an abuse of discretion by the district court *arguendo*, Roles has failed to allege that he was harmed in any way. He was allowed to attend the hearing telephonically, and participated throughout. He was afforded every opportunity to meaningfully defend against Armfield's motion for summary judgment. Roles does not claim otherwise; he offers no cogent argument that a personal appearance was required for any reason. As such, even if we found error on the part of the district court, such error would be harmless. I.R.C.P. 61. *See Taylor v. AIA Services Corp.*, 151 Idaho 552, 559, 261 P.3d 829, 836 (2011) ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

6

## III.

## CONCLUSION

The district court properly found that Roles failed to allege an equal protection claim. Roles' other assertions of error are unavailing. The district court's order granting Armfield's motion for summary judgment is affirmed. Costs to respondent.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**