**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40484**

| | | |
|---|---|---|
| JONNINE SITTRE, | ) | **2013 Unpublished Opinion No. 675** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: September 20, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| CENTRAL RECORDS SENTENCING | ) | **THIS IS AN UNPUBLISHED** |
| SPECIALIST, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Summary judgment denying petition for writ of habeas corpus, <u>affirmed</u>.

Jonnine Sittre, Emmett, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Jonnine Sittre appeals the decision of the trial court granting summary judgment in favor of the Idaho Department of Correction Sentencing Specialist (IDOC). She seeks review of her credit for time served in light of a January 18, 2013, decision[1] and argues that the trial court erred by failing to grant her credit for an additional thirty-four days she served in a Caribou County jail. We affirm.

_____

[1]    Sittre stated that the decision was filed on January 18, 2013, in her appellant's brief and on January 28, 2013, in her reply brief. That decision is not in the record and thus we cannot determine the date of the decision. Because the disposition of this matter does not depend upon whether the decision was made on January 18 or January 28, we will refer to the decision as the January 18, 2013, decision for the sake of clarity.

## BACKGROUND

Sittre is serving concurrent sentences in Bingham County Case No. CR-2008-1579 and Bannock County Case No. CR-2009-12496-FE. In the Bingham County case, Sittre was sentenced to an aggregate term of four years with two years fixed and two years indeterminate by Judge Simpson. That sentence was suspended and Sittre was placed on probation. On February 14, 2011, the court found that Sittre violated her probation and executed the underlying sentence but retained jurisdiction. At the time Sittre's probation was revoked, the court gave her credit for 479 days served. Thereafter, Sittre requested that the trial court relinquish jurisdiction so that she could complete programming, presumably programming relevant to her parole in the other case. Pursuant to her request, the court relinquished jurisdiction, permitting Sittre to serve the remainder of her sentence in prison.

In the Bannock County case, Sittre was sentenced to an aggregate term of four years with two years fixed and two years indeterminate by Judge Nye. This sentence was to run concurrently with the Bingham County sentence. That sentence was also suspended in favor of probation. On April 25, 2011, Sittre admitted that she violated the terms of her probation. On April 27, 2011, the court revoked her probation and executed the underlying sentence. In that case, the judge did not specify the amount of credit for time served but stated that Sittre should be "given credit for any time she has served in connection with this matter."

On February 17, 2012, Sittre filed a petition for a writ of habeas corpus. In her petition, Sittre primarily complained about her conditions of confinement and the lack of programming at the prison. Most of Sittre's claims were dismissed prior to service, and Sittre does not claim that the dismissal was erroneous. The portion of the petition which was not dismissed, and is the subject of this appeal, concerned credit for time served. Sittre claimed that her parole eligibility date was not properly calculated, that she was waiting for her credit for time served to be calculated in the Bannock County case, and that no court had accounted for a thirty-four-day period she served in a Caribou County jail. Similarly, in her amended petition, Sittre stated that she had a pending motion for credit for time served in the Bannock County case.

The State responded and moved for summary judgment as to the remaining issue, credit for time served. In her reply, Sittre made claims pertaining to both cases considered together and to each case considered individually. As to both cases considered together, Sittre had a single

claim. She argued that both sentencing courts failed to account for a thirty-four-day period she served in a Caribou County jail.

As to the Bingham County case specifically, Sittre appeared to argue that IDOC made an arithmetic error. Sittre stated that the trial court gave her 479 days credit on February 14, 2011, toward a four-year sentence and argued that the properly calculated release date is not October 23, 2012, as IDOC calculated, but rather an unspecified day in August 2013.

As to the Bannock County case, Sittre's argument was not a model of clarity. She argued she was incarcerated from October 3, 2010, forward and should receive additional credit for time served. This argument appears to dispute the beginning date of her sentence. The IDOC record does not list the day on which Sittre was first incarcerated on this charge, but one can easily confirm the means by which IDOC calculated Bingham County's relevant sentencing dates.[2]

Lastly, there were claims this Court cannot properly categorize because they have not been clearly set forth. Sittre argued she was due 288 days from the Bannock County case and 513 days from the Bingham County case as additional credit. Sittre failed to explain what the 288 or 513 day periods represent, nor can this Court, after reviewing the record, determine what those time periods represent.

The trial court granted the summary judgment on October 17, 2012. In that decision, the trial court generally found that on the materials submitted, there was no evidence of any miscalculation.[3] It then specifically addressed Sittre's claim that IDOC incorrectly determined when she would become parole eligible and when her entire sentence would expire.

Sittre's claims on appeal are not clearly presented. It appears that she now argues two grounds upon which she believes the trial court erred in granting summary judgment. First, Sittre claims that she was granted additional credit for time served in a January 18, 2013,

---

[2] The IDOC record listed a sentencing date of April 25, 2011, 154 days of credit for time served, and a parole eligibility date of November 22, 2012. One hundred and fifty-four days before April 25, 2011, is November 22, 2010. Two years after November 22, 2010, would be November 22, 2012, the listed parole eligibility date. On appeal, Sittre does not appear to raise any claims related to her prison start date.

[3] The trial court agreed with the IDOC calculation. This Court similarly finds no mathematical error in the IDOC calculations.

3

decision by Judge Nye in the Bannock County case.[4]  She requests that this Court review whether "her sentence" has been "properly adjusted with the new credit for time served." Second, she claims she is due credit for thirty-four days she served in a Caribou County jail.[5]

## II.

## ANALYSIS

Habeas proceedings are civil in nature, and generally the rules of civil procedure apply. Idaho Code 19-4208; *Quinlan v. Idaho Comm'n for Pardons & Parole*, 138 Idaho 726, 729, 69 P.3d 146, 149 (2003); *Lopez v. State*, 128 Idaho 826, 827, 919 P.2d 355, 356 (Ct. App. 1996). Therefore, on appeal from a summary judgment in such an action, we adhere to the standard of review applicable to summary judgments generally.  *Lopez*, 128 Idaho at 827, 919 P.2d at 356 (Ct. App. 1996).  Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law.  *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986).  When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party.  Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion.  *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992).  The burden

---

[4]  We observed, but have not considered, several decisions by the trial courts attached to Sittre's reply brief.  We note that these decisions are not properly before the Court both because they have not been properly added to the record and because these decisions post-date the decision Sittre appeals.

[5]  Sittre also appears to argue that the habeas court treated her as if she was crazy and failed to give her "the benefit of the doubt."  We note that the decision of the habeas court was respectful and appropriate.  Furthermore, if Sittre's argument that the habeas court failed to give her "the benefit of the doubt" constitutes an argument that the habeas court failed to construe facts in her favor or draw reasonable inferences in her favor, we reject this argument.  The habeas court cited and applied the proper standard.

may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

Sittre's first claim on appeal essentially requests that the Court review whether her sentences have been properly calculated in light of a January 18, 2013, decision in the Bannock County case. In this appeal, Sittre challenges a judgment filed on October 17, 2012. This new request for review is distinct from the claims for relief which were pled and argued below.

In the trial court, Sittre essentially argued that IDOC erred in determining when each sentence began and in its mathematical calculation of the passage of time. The trial court granted summary judgment because Sittre failed to come forward with evidence supporting her claims and because IDOC calculations appeared to be correct. Now Sittre argues that her claims have been addressed by another court but, evidently, not to her full satisfaction. This issue was not before the trial court in this case and could not have been because the January 18, 2013,

5

decision was not issued until months after the trial court rendered the decision that is on appeal here. Accordingly, we find that this issue has been impermissibly raised for the first time on appeal.[6] "[W]e will not consider issues that are presented for the first time on appeal." *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (quoting *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991)).

Sittre's other claim was properly raised below. Sittre has consistently asserted that she believes she is due thirty-four days of credit for time served in a Caribou County jail from May 24, 2011, to June 27, 2011. The IDOC records do not specifically describe which facility Sittre was in on the days in question. However, there are records concerning when Sittre was sentenced and how her time is being calculated.

The submitted records show that Sittre is receiving credit for the relevant time period. Judge Simpson sentenced Sittre to IDOC custody beginning on February 14, 2011. On April 27, 2011, Judge Nye sentenced her to the custody of IDOC. These sentencing dates are both before the thirty-four-day period at issue. Accordingly, these days would not be granted as credit for time served because this time is part of the actual sentence. *See* I.C. § 18-309 ("The remainder of the term commences upon the pronouncement of sentence . . . .").

Furthermore, IDOC records show that these days are included in the sentence calculations. The sentences begin to run on the correct days, and accounting for credit for time served, end on the correct days. If Sittre were correct and IDOC was not counting the thirty-four days in a Caribou County jail, the release and parole eligibility dates would be incorrect by that amount. Accordingly, there is no evidence that Sittre has been denied credit for these thirty-four days. Therefore, we find no error in the decision of the trial court granting summary judgment.

---

[6] The Court cannot review this claim of error for the reasons set forth above and has a limited understanding of the nature of Sittre's new claims because we have not been provided a record of the decisions she disputes. However, even with this limited understanding, it appears that Sittre's claims rely in part upon a mistaken belief regarding the legal principles at issue. It appears that Sittre believes that credit for time served granted as to one sentence automatically applies to other sentences which are to be served concurrently. Such a belief is incorrect. Credit for time served is governed by I.C. § 18-309 which states that one receives credit for time served when "such incarceration was for the offense or an included offense for which the judgment was entered." Put another way, "[a]n entitlement to credit under I.C. § 18-309 depends upon the answer to a simple inquiry: was the defendant's incarceration upon the offense for which he was sentenced?" *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989).

## III.

## CONCLUSION

For the reasons set forth above, summary judgment dismissing Sittre's petition is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**