181 P.3d 524

Richard DRENNON,

v.

IDAHO STATE CORRECTIONAL INSTITUTION (ISCI), in its official capacity; Randy Blades, warden of ISCI, in his official capacity; Paul Panther and Stephanie Altig, deputy attorney generals representing the ISCI, in their individual and official capacities; Lt. D. Bromley and Lt. Lee of the ISCI, in their official and individual capacities; Jeff Kirkman, resource center paralegal of ISCI, in his individual and official capacity; Sgt. House, Sgt. Caldwell, Sgt. Long, Sgt. Rhoades, Sgt. Frasier, Sgt. Underhill, Sgt. Black, Sgts. John and Jane Does, one through ten, of the ISCI, in their individual and official capacities; Correctional Officers (c/o) J. Webb, c/o Nova, c/o Hagaman, c/o Cox, and John and Jane Does one through ten, in their individual and official capacities; Correctional Officers Jarman and Johnston (or Johnson), of the ISCI, in their individual and official capacities; Correction Officer Sgt. Mike Shoen of the ISCI in his individual and official capacity, Prisoner Health Services (PHS), and Rodney Roe, PHS director for IMSI, in their official capacity; Doctor Khatain, Psychiatrist under contract to PHS, in

his individual and official capacity; John and Jane Does, whose true names are unknown, one through twenty; Department of Correction, and/or ISCI Officials, in their individual and official capacities, Defendants–Respondents.

No. 33719.

Court of Appeals of Idaho.

Dec. 24, 2007.

Review Denied April 15, 2008.

Richard Drennon, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Barbara A. Beehner–Kane, Deputy Attorney General, Boise, for state respondents.

Hawley, Troxell, Ennis & Hawley, Boise, for PHS respondents.

PERRY, Chief Judge.

Richard Drennon appeals from the district court's order dismissing his amended complaint. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

Drennon is serving an indeterminate life sentence in the custody of the Idaho Department of Correction (IDOC) for his conviction of lewd and lascivious conduct with a minor under the age of sixteen years. Acting pro se, Drennon filed a complaint followed by a verified amended complaint. Drennon's amended complaint named as defendants the IDOC, the Idaho State Correctional Institution (ISCI), and several current or former employees of ISCI or deputy attorneys general representing the IDOC (collectively "the state"), as well as Prison Health Services and individual medical professionals who provide care for inmates (collectively "PHS"). Drennon asserted claims related to access to the courts and legal materials, grievance procedures, disciplinary hearing procedures, visitation rights, and medical care. Drennon requested declaratory and injunctive relief as well as compensatory and punitive damages.

The state filed a motion to dismiss the claims against them pursuant I.R.C.P. 12(b) or in the alternative a motion for summary judgment pursuant to I.R.C.P. 56(b), and PHS filed a motion to dismiss pursuant to Rule 12(b). At a hearing on the motions to dismiss, Drennon indicated that he was not raising his claims pursuant to 42 U.S.C. § 1983, which provides a remedy for violations of the federal constitution and laws. Rather, Drennon indicated that the claims in his amended complaint were "under state law, tort claim." Drennon conceded that he had not exhausted his administrative remedies for each of his claims prior to filing his amended complaint but asserted that he

was not required to do so to raise his claims in tort law. The district court ruled that, pursuant to I.C. § 19–4206(1), Drennon was required to exhaust his administrative remedies prior to pursuing his claims in the district court. The district court found that Drennon had only exhausted his administrative remedies for a claim that he was not provided with enough postage-paid envelopes per month to adequately access the courts, but that the amended complaint requested no relief for that claim. Because Drennon had failed to exhaust his administrative remedies for any claims for which he requested relief, the district court dismissed Drennon's amended complaint. Drennon filed a motion for reconsideration, asserting, in part, that the case should proceed to discovery on the issue of whether the grievance process was sufficient. The district court denied the motion. Drennon appeals.

## II.

## ANALYSIS

Drennon asserts that the district court erred in dismissing his complaint for failure to exhaust administrative remedies. The state and PHS assert that the district court ruled properly and request costs and attorney fees incurred in defending this appeal.

### A. Exhaustion of Administrative Remedies

■ The district court's order set forth the standards for dismissal under both Rule 12(b)(6) and Rule 56(c). If, upon a motion to dismiss filed under Rule 12(b)(6), matters outside the pleading being challenged for failure to state a claim upon which relief can be granted are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct.App.1990). In this case, Drennon and the state submitted affidavits and other evidence, which the district court did not exclude. The district court's order was therefore an order granting summary judgment pursuant to Rule 56.

■ We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct.App.1992). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct.App.1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini–Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct.App.2000). Once such an absence of evidence has been established the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick,* 126 Idaho at 312, 882 P.2d at 479.

 Drennon does not contest the district court's factual determination that Drennon failed to complete the administrative grievance procedures.[1] This Court has held that I.C. § 19–4206 requires an inmate filing a petition for a writ of habeas corpus to submit, as part of the petition, any documentation in his or her possession or within his or her reach, showing participation in the applicable grievance process. *Drennon v. Fisher,* 141 Idaho 942, 945, 120 P.3d 1146, 1149 (Ct.App.2005). Drennon appears to assert, however, that he was not required to exhaust the administrative remedies because his amended complaint is not subject to the provisions of the Habeas Corpus and Institutional Litigation Procedures Act, I.C. §§ 19–4201 to 19–4226. Although the precise nature of the claims in Drennon's amended complaint is not entirely clear, Drennon asserted at oral argument in the district court and asserts on appeal that his claims are raised under state tort law. The state and

PHS do not dispute this characterization of Drennon's claims. Idaho appellate courts have not decided the extent to which the exhaustion requirement in I.C. § 19–4206 applies to a prisoner's civil action which, like Drennon's current action, is not a habeas corpus action.

 The interpretation of a statute is an issue of law over which we exercise free review. *Zener v. Velde,* 135 Idaho 352, 355, 17 P.3d 296, 299 (Ct.App.2000). When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990); *Zener,* 135 Idaho at 355, 17 P.3d at 299. The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *Watkins Family,* 118 Idaho at 540, 797 P.2d at 1388; *Zener,* 135 Idaho at 355, 17 P.3d at 299.

Section 19–4206 provides:

(1) Unless a petitioner who is a prisoner establishes to the satisfaction of the court that he is in imminent danger of serious physical injury, no petition for writ of habeas corpus *or any other civil action* shall be brought by any person confined in a state or county institution, or in a state, local or private correctional facility, *with respect to conditions of confinement* until all available administrative remedies have been exhausted. If the institution or state, local or private correction facility does not have a system for administrative remedy, this requirement shall be waived.

(2) At the time of filing, the petitioner shall submit, together with the petition for writ of habeas corpus a true, correct and complete copy of any documentation which demonstrates that he has exhausted administrative remedies described in subsection (1) of this section.

(3) If at the time of filing the petition for writ of habeas corpus the petitioner

---

1. As noted above, the district court found that Drennon had exhausted his administrative remedies for a claim that he was not provided with enough postage-paid envelopes per month to adequately access the courts, but that the amended complaint requested no relief for that claim. Drennon does not assert on appeal that the district court erred in ruling that Drennon requested no relief for this claim.

fails to comply with this section, the court shall dismiss the petition with or without prejudice.

(Emphasis added). By their plain terms, I.C. §§ 19–4206(2) and 19–4206(3) only apply to habeas corpus petitions. Because Drennon's claims were based in state tort law, he was not required to file with his amended complaint any documentation demonstrating that he exhausted all available administrative remedies. Section 19–4206(1), however, requires a prisoner to exhaust available administrative remedies prior to bringing *any civil action with respect to the conditions of his or her confinement* unless the prisoner establishes that he or she is in imminent danger of serious physical injury. Drennon does not dispute that the claims in his amended complaint pertained to the conditions of his confinement and does not assert he has established that he was in imminent danger of serious physical injury when he filed his amended complaint. Although I.C. § 19–4206(1) provides that the exhaustion requirement is waived if the correctional facility does not have a system for administrative remedy, Drennon does not assert that the facility where he was incarcerated lacked a system for administrative remedy. We therefore hold that the district court properly ruled that I.C. § 19–4206(1) required Drennon to exhaust available administrative remedies prior to filing his amended complaint.[2]

Drennon also asserts that he was not required to complete the administrative process because prison officials have retaliated against him for pursuing grievances in the past and have imposed "procedural requirements that are designed to trap unwary prisoners and thus to defeat their claims." *See Woodford v. Ngo,* 548 U.S. 81, ——, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368, —— (2006). We note that I.C. § 19–4206(1) requires inmates to exhaust *available* administrative remedies. Drennon's briefs, however, provide us with very few direct citations to

pages in the record that support his argument that the state or PHS rendered the administrative process unavailable to him for the claims in his amended complaint. The record includes hundreds of pages of documentary evidence submitted by Drennon, including court orders, numerous affidavits, documents setting forth the administrative grievance procedure, documents filled out by Drennon as part of the grievance procedure, and his amended complaint which was verified.[3] This Court will not search the record for error. *In re Gibbar,* 143 Idaho 937, 946, 155 P.3d 1176, 1185 (Ct.App.2006). Error is never presumed on appeal and the burden of showing it is on the party alleging it. *Stewart v. Sun Valley Co.,* 140 Idaho 381, 384, 94 P.3d 686, 689 (2004). We will therefore focus our analysis on the portions of the record that Drennon has cited.

Drennon cites to several "concern forms," which he filled out and submitted to prison officials as part of the administrative grievance process. Drennon asserts that he never received a response from prison officials for any of these concern forms. The state asserts that, based on the grievance policy attached to Drennon's amended complaint, prison officials were not required to respond to Drennon's concern forms. The state asserts that an inmate must first attempt an informal resolution of a problem by submitting a concern form to the appropriate staff member. Then, if the issue was not resolved informally, the inmate may obtain and submit a "grievance form," which will be reviewed by a designated "reviewing authority" and/or "grievance coordinator." If the inmate is not satisfied with the response he or she receives to the grievance, the inmate may file an appeal of the grievance to an "appellate authority." Drennon and PHS do not dispute this description of the applicable procedure. Drennon was therefore required to obtain and submit grievance forms if the state or PHS did not adequately resolve problems raised in his concern forms. With the excep-

**2.** In so holding, we express no opinion on the extent to which other provisions of I.C. §§ 19–4201 to 19–4226 apply to civil actions pertaining to the conditions of a prisoner's confinement.

**3.** A verified complaint has the force and effect of an affidavit in support of a motion for summary judgment so long as it conforms to the requirements of Rule 56(e). *See Camp v. Jiminez,* 107 Idaho 878, 881, 693 P.2d 1080, 1083 (Ct.App. 1984).

tion of the claim related to postage for which Drennon failed to request any relief, Drennon has not directed us to any grievance forms or appeal documentation establishing complete exhaustion on any of the claims in his amended complaint.

Drennon also asserts that he has submitted evidence that he was threatened with retaliation if he completed the grievance procedures, but he has not directed us to any evidence that this was the case for any of the claims in his amended complaint. Rather, Drennon cites averments in his amended complaint and his affidavits indicating that prison officials made generalized threats towards Drennon for filing concern forms and attempting to represent other inmates. For example, Drennon vaguely averred in his amended complaint that a prison official told Drennon that writing concern forms would cause "problems" for Drennon. The averments cited by Drennon are not sufficient to show that with respect to the specific claims raised by Drennon in this action, he was prevented from exhausting administrative remedies before filing this action. Therefore, Drennon has not raised a genuine issue of fact as to whether the state or PHS rendered the administrative grievance process unavailable to him. We conclude that the district court properly granted summary judgment for the state and PHS because there was no genuine issue of material fact as to whether Drennon exhausted the available administrative remedies prior to filing his amended complaint.

### B. Costs and Attorney Fees on Appeal

 The state and PHS request costs and attorney fees in defending this appeal. An award of attorney fees may be granted under I.C. § 12–121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct.App.1995). Drennon has conceded both in the district court and in this Court that he did not exhaust the administrative remedies. His arguments on appeal that I.C. § 19–4206 did not apply to this action and that he was prevented from completing the administrative grievance process, without support in the evidence, might be deemed frivolous, unreasonable, or without foundation. However, whether to award attorney fees is within the discretion of this Court. We exercise that discretion by not awarding attorney fees in this case. Drennon is hereby placed on notice that future appeals, which this Court deems to be frivolous, likely will result in an attorney fee award. Costs incurred in defending against this appeal, however, are awarded as a matter of course to the state and PHS because they are prevailing parties. *See* I.A.R. 40(a).

### III.

### CONCLUSION

Pursuant to I.C. § 19–4206(1), a prisoner must exhaust available administrative remedies prior to bringing any civil action with respect to the conditions of his or her confinement unless the prisoner establishes that he or she is in imminent danger of serious physical injury. Drennon did not raise a genuine issue of material fact as to whether he exhausted administrative remedies for any claims for which he requested relief. Additionally, Drennon did not raise a genuine issue of material fact as to whether the state or PHS rendered the administrative grievance process unavailable to Drennon. We therefore affirm the district court's order dismissing Drennon's amended complaint for failure to exhaust his administrative remedies. The state and PHS are awarded costs, but not attorney fees, incurred in defending this appeal.

Judge LANSING and Judge GUTIERREZ concur.