Irving H. **BENNION**, Plaintiff– Appellant,

v.

**UNITED STATES of America,** Defendant–Appellee,

and

**Secretary of Health & Human Services, of Department of Health & Human Services; et al., Defendants.**

No. 07–35132.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2008.*

Filed Aug. 12, 2008.

Dustin Deissner, Esq., Van Camp & Deissner, Spokane, WA, for Plaintiff–Appellant.

Joanne P. Rodriguez, Esq., Office of the U.S. Attorney, Boise, ID, for Defendant–Appellee.

Before: PREGERSON, HALL, and NOONAN, Circuit Judges.

MEMORANDUM **

I.

Irving Bennion appeals the district court's dismissal of his Federal Tort

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Claims Act claims for medical malpractice and premises liability. The claims arose when Bennion fainted and was burned in a steam room at the Tribal Wellness Center on the Coeur d'Alene Tribe Indian Reservation. Bennion claims that a physical therapist at the site, Dan Smith, committed malpractice by allowing him to use the steam room unsupervised. His premises liability claim asserts that the steam ran unreasonably hot and that the United States was responsible.

The district court dismissed the malpractice claim on the ground that Bennion had failed properly to designate any expert who could testify to the standard of care as required under Idaho law. The court also rejected Bennion's claim that Smith himself had admitted malpractice in a deposition and therefore could serve as an expert. As to the premises liability claim, the court found that the United States could not be liable because it did not operate or control the Tribal Wellness Center. Bennion timely appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## II.

As to the malpractice claim, the district court correctly found that Smith's deposition testimony did not establish his qualifications as an expert on the relevant standard of care. Contrary to Bennion's contention, Smith never stated that he knew what the applicable standard of care was, or that he believed it would have been breached by allowing Bennion to use the steam room. Therefore, lacking any expert, Bennion's claims were properly dismissed. Idaho Code §§ 6–1012, 6–1013; *Maxwell v. Women's Clinic, P.A.*, 102 Idaho 53, 625 P.2d 407, 408–10 (1981); *see also* 28 U.S.C. § 1346(b)(1) (providing that state law controls in an FTCA case). We reject Bennion's contention that his "offer of proof" should have been sufficient to proceed to trial.

## III.

Moreover, Bennion has waived his premises liability claim by failing to advance any argument why the district court erroneously dismissed it. *See, e.g., Humble v. Boeing Co.*, 305 F.3d 1004, 1012 (9th Cir. 2002). Even if we were to consider the claim, we would agree with the district court's conclusion that the compact between the Coeur d'Alene Tribe and the United States established that the Tribe would operate and control the Wellness Center. Accordingly, the district court correctly concluded that the United States was not the proper defendant for Bennion's premises liability claim. *See Heath v. Honker's Mini–Mart, Inc.*, 134 Idaho 711, 8 P.3d 1254, 1256 (2000) (defendant owed no duty in premises liability case where it "neither owned, occupied, nor controlled the premises upon which [the plaintiff] fell and was injured").

AFFIRMED.