# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49294

| | |
|---|---|
| IDAHO LOTS, LLC, | ) |
|     Plaintiff-Respondent, | ) Filed: March 1, 2023 |
| and | ) Melanie Gagnepain, Clerk |
| PINEHAVEN PLANNING BOARD, | ) THIS IS AN UNPUBLISHED |
|     Plaintiff, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| v. | ) |
| GREGORY BRIM, | ) |
|     Defendant-Appellant, | ) |
| and | ) |
| JOHN OR JANE DOES 1-5, | ) |
|     Defendants. | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Fremont County. Hon. Steven W. Boyce, District Judge.

Partial certified judgment for Idaho Lots, LLC, <u>affirmed</u>.

Lubing, Gregory & Rectanus, LLC; James K. Lubing, Jackson, Wyoming, for appellant Gregory Brim.

Idaho Lots, LLC, Lancaster, Texas, respondent, did not participate on appeal.

_____

BRAILSFORD, Judge

Gregory Brim appeals from the district court's order granting the motion for summary judgment of Idaho Lots, LLC, and denying Brim's summary judgment motion. We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

At issue is whether the covenants governing the subdivision in which Brim owns residential property prohibit him from using that property for short-term rentals of less than thirty days or whether Idaho Code § 55-3211[1] invalidates that restriction. Brim owns seventeen residential properties in Island Park in the Pinehaven and North Pinehaven Subdivisions (Subdivision). The Pinehaven Planning Board (Pinehaven) acts as the homeowner's association for the Subdivision. In 1977, Pinehaven filed and recorded protective covenants for the Subdivision. These covenants are binding on all property owners in the Subdivision and may be amended by a majority of the property owners.

Brim purchased the property at issue in 1998. Since that time, Pinehaven has amended the Subdivision's covenants several times. Relevant to this appeal, Section 10 of the covenants, as amended in 2003, prohibits property owners from using residential properties for commercial purposes, which includes "short term rentals, leasing, letting and/or subletting for periods of less than 30 days." Additionally, Section 21 of the covenants requires property owners to keep their property free from "annoyance and nuisance," which includes not using the property "as a dumping ground for garbage, trash, rubbish, other waste, or junked vehicles." As amended in 2018, Section 8 of the covenants provides that Pinehaven has the power to enforce the covenants by levying assessments against violating property owners and to attach a lien to an assessed property for nonpayment of any assessment.

Since 2018, Pinehaven has assessed Brim for numerous violations of the covenants including for multiple violations of Section 21 and for violating Section 10 by renting a property on a short-term basis. When Brim failed to pay these assessments and also the Subdivision's annual assessment, Pinehaven filed an action against him to enforce multiple liens arising from those assessments. Brim counterclaimed, alleging tortious interference with contract and slander of title.

Similarly, Brim's violations of the covenants prompted Idaho Lots, which owns property in the Subdivision, to file a separate action against Brim seeking a declaratory judgment that Idaho

---

[1] At the time of the district court's summary judgment order, the statutory prohibition on rental restrictions at issue in this case was codified under I.C. § 55-115(3), which was enacted in 2016. Effective July 1, 2022, however, this provision was recodified as I.C. § 55-3211.

Lots "has the right to enforce the [c]ovenants against Brim as a third party beneficiary" and enjoining Brim from violating the covenants in the future. In Brim's answer to Idaho Lots' complaint, he alleged, among other things, that Idaho Lots' claims were "barred in whole or in part by the prohibitions and mandates set forth in [I.C. § 55-3211] as they impact [Idaho Lots'] claims to restrict Brim's rental usage of his property."

The district court consolidated the two actions; Idaho Lots and Pinehaven moved for summary judgment; and Brim filed a cross-motion. Ruling on these summary judgment motions, the district court found, among other facts, that Brim had violated the covenants numerous times. For example, the court found that Brim had left "trash, rotting wood, old appliances, brush, and various other items" on his property, "dump[ed] human waste" in the Subdivision, posted "non-conforming" signage on properties, and used a property in the Subdivision "as a short-term rental property for periods of less than 30 days."

The district court, however, concluded genuine issues of material fact precluded summary judgment for Pinehaven, specifically whether "Pinehaven employed the proper procedure" to assess Brim for the covenant violations. Accordingly, it denied Pinehaven's summary judgment motion to foreclose on the liens associated with those violations.[2] The court granted, however, Idaho Lots' summary judgment motion for declaratory judgment, rejected Brim's defense that I.C. § 55-3211 prohibits Section 10's restriction on using his property as a short-term rental, awarded Idaho Lots attorney fees, and certified the partial judgment as to Idaho Lots under Idaho Rule of Civil Procedure 54(b).

Brim timely appeals the certified judgment.[3]

## II.
## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v.*

---

[2] The district court granted Pinehaven's summary judgment motion seeking to enforce a lien for Brim's failure to pay the annual assessment.

[3] Because the district court certified the partial judgment under Idaho Rule of Civil Procedure 54(b) only as to Idaho Lots, Pinehaven is not a proper party to this appeal. Idaho Lots is, however, but it failed to respond to Brim's opening brief. Regardless, we address the merits of Brim's appeal of the certified judgment for Idaho Lots.

3

*Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

That the parties have filed cross-motions for summary judgment does not change the applicable standard of review. *Intermountain Forest Mgmt., Inc. v. La. Pac. Corp.*, 136 Idaho 233, 235, 31 P.3d 921, 923 (2001). Where the parties have filed cross-motions for summary judgment relying on the same facts, issues and theories, the parties effectively stipulate there is no genuine issue of material fact precluding summary judgment. *Id.* That both parties move for summary judgment, however, does not in and of itself establish that there is no genuine issue of material fact. *Id.*

### III.

### ANALYSIS

On appeal, Brim challenges the district court's denial of his summary judgment motion seeking a ruling that I.C. § 55-3211 invalidates Section 10's restriction on the use of his property as a short-term rental. In support, Brim argues that I.C. § 55-3211 "protects [his] property rights

by ensuring his right to short-term rent [his] property is preserved." The statute prohibits covenants imposing rental restrictions and provides:

No homeowner's association may add, amend or enforce any covenant, condition, or restriction in such a way that limits or prohibits the rental, for any amount of time, of any property, land, or structure thereon within the jurisdiction of the homeowner's association, unless expressly agreed to in writing at the time of such addition or amendment by the owner of the affected property. Nothing in this section shall be construed to prevent the enforcement of valid covenants, conditions or restrictions limiting a property owner's right to transfer his interest in land or the structures thereon as long as that covenant, condition, or restriction applied to the property at the time the homeowner acquired his interest in the property.

Relying on this statute, Brim asserts the undisputed facts show that in 1998 he acquired the property he has rented on a short-term basis; Section 10 of the covenants was subsequently amended in 2003 to restrict short-term rentals; and there is no evidence he consented to this amendment as required by I.C. § 55-3211. The district court rejected Brim's argument that I.C. § 55-3211 invalidated Section 10. It noted that I.C. § 55-3211 was enacted in 2016 (originally as I.C. § 55-115(3)) after the covenants were amended in 2003 to include the short-term rental restriction in Section 10, and I.C. § 55-3211 did not apply retroactively to invalidate Section 10. Brim challenges this ruling, arguing I.C. § 55-3211 applies retroactively to invalidate the 2003 amendment restricting short-term rentals.

Generally, legislation applies only prospectively, and retroactive application is disfavored. *Guzman v. Piercy*, 155 Idaho 928, 937, 318 P.3d 918, 927 (2014). Consistent with this general rule, I.C. § 73-101 provides that in construing statutes, "no part of these compiled laws is retroactive, unless expressly so declared." Accordingly, a statute applies retroactively only if the legislature has clearly expressed an intent for it to apply retroactively or the statute's language clearly implies that intent. *Guzman*, 155 Idaho at 937-38, 318 P.3d at 927-28. The statute does not need to use the word "retroactive," however, to be construed as retroactive. *Id.* at 38, 318 P.3d at 928. Rather,

[I]t is sufficient if the enacting words are such that the intention to make the law retroactive is clear. In other words, if the language clearly refers to the past as well as to the future, then the intent to make the law retroactive is expressly declared within the meaning of [I.C. § 73-101].

*Peavy v. McCombs*, 26 Idaho 143, 151, 140 P. 965, 968 (1914). Further, the Idaho Supreme Court has ruled that a statute "will not be deemed retroactive in application absent an express legislative statement to the contrary," and that express statement "may be in the amendment itself" or "in the

original statute" "as long as the retroactive application would not violate the Constitution." *Guzman*, 155 Idaho at 938, 318 P.3d at 928.

Brim argues that "it is evident by the language of the statute and its legislative history that it was intended to apply retroactively." In support, Brim relies on the language in I.C. § 55-3211 that "so long as the covenant, condition, or restriction applied to the property at the time the homeowner acquired the interest in the property" a valid covenant restricting a property owner's rights is enforceable. He argues this quoted language "clearly looks back in time to the period when the homeowner acquired a property and asks whether a covenant, condition or restriction applied to the property at that time."

This language, however, does not express an intent to apply the prohibition against rental restrictions retroactively. Rather, the language has the opposite effect. It expresses the intent that the prohibition *not* apply retroactively to valid, preenactment covenants existing at the time the owner purchased the property. The language on which Brim relies says nothing about requiring retroactive application of the prohibition to property purchased without a restrictive covenant which then subsequently became subject to a rental restriction before the enactment of I.C. § 55-3211, as in this case. Accordingly, we disagree that the legislature clearly expressed an intent for the statute to apply retroactively.

We likewise disagree with Brim's argument that the legislative history in the statute's Statement of Purpose expressed a clear intent that I.C. § 55-3211 apply retroactively. This Statement of Purpose provides:

> This legislation protects the private property rights of Idaho homeowners by ensuring their right to rent their property is preserved. The legislation states that if a homeowner bought a home at a time when renting a home was allowed by the Homeowner's Association (HOA), the HOA may not create new Covenants, Conditions and Restrictions (CCR's [sic]) that change the existing right to rent without written consent of the homeowner. This would not impact the CCR's [sic] that were in place prior to the time a homeowner purchased the property.

Statement of Purpose, RS24431 (2016). Like the statutory language of I.C. § 55-3211, this Statement of Purpose only references *not* applying the statute's prohibition retroactively. Moreover, Brim cites no authority that this Court should look to the Statement of Purpose rather than the statute's express language in construing whether a statute applies retroactively.

Brim relies on the statement in *Birdwood Subdivision Homeowner's Ass'n, Inc. v. Bulotti Constr., Inc.*, 145 Idaho 17, 21, 175 P.3d 179, 183 (2007), that "one person cannot unilaterally

restrict the use of another's land simply by drafting and recording restrictive covenants allegedly applicable to that land." *Birdwood*, however, is inapposite. The Idaho Supreme Court made the statement on which Brim relies in the context of ruling that covenants signed and recorded by the landowner's children, who did not have any interest in the land or authority to execute the covenants, "did not bind the land." *Id.* Unlike *Birdwood*, Brim does not challenge Pinehaven's authority to sign, file, record, or amend the covenants. Moreover, the *Birdwood* Court ruled that "covenants restricting the free use of land are valid and enforceable in Idaho." *Id.* at 21, 175 P.3d at 183.

Because we conclude I.C. § 55-3211 does not apply retroactively, we also reject Brim's argument that Idaho Lots failed to show Brim consented in writing to the 2003 amendment of Section 10, which restricts his right to use his property as a short-term rental. That argument assumes I.C. § 55-3211 applies retroactively, which it does not. For this reason, we also reject Brim's argument that "respondents cannot impose fines under [Section 10]" because I.C. § 55-3211 preserves his right to rent the property. Furthermore, Idaho Lots has never attempted to assess Brim for his violations of the Subdivision's covenants. Rather, only Pinehaven assessed Brim, but the district court did not certify a judgment under I.R.C.P. 54(b) for an appeal regarding Pinehaven. Accordingly, the district court's rulings regarding Pinehaven are not properly before this Court.

We also reject Brim's challenge to Idaho Lots' award of attorney fees. Brim's only challenge to this award is his assertion that Idaho Lots was not a prevailing party entitled to an attorney fee award. Because the district court did not err in concluding I.C. § 55-3211 does not apply retroactively, Idaho Lots was the prevailing party. Finally, we reject Brim's request for attorney fees on appeal. Because Brim is not the prevailing party on appeal, he is not entitled to an attorney fee award.

## IV.
## CONCLUSION

The district court did not err in granting Idaho Lots' summary judgment motion, rejecting Brim's defense that I.C. § 55-3211 applies retroactively to invalidate the rental restriction on his property, awarding Idaho Lots attorney fees, and denying Brim's summary judgment motion. Accordingly, we affirm the court's judgment certified under Rule 54(b).

Judge GRATTON and Judge HUSKEY **CONCUR**.

7