# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51898

R.C. WORST & COMPANY, INC., an
Idaho corporation,

    Plaintiff-Counterdefendant-
    Respondent,

v.

CASEY KIRK WILLIAMS, an
individual, aka CASEY KIRK,

    Defendant-Counterclaimant-
    Appellant.

and

JOHN DOE and JANE DOE 1-10, being
unknown persons who may claim some
right, title or interest in the real property
described as: The South half of the East
half of the Northeast Quarter of the
Northwest Quarter, Section 31, Township
52, North, Range 3 West, Boise Meridian,
Kootenai County, State of Idaho,
EXCEPTING the West 30 feet thereof,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  October 14, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Scott Wayman and Hon. Ross Pittman, District Judges.

Judgment and order granting motion for summary judgment and judgment granting costs and attorney fees <u>vacated</u> and case is <u>remanded</u>.

Bistline Law, PLLC; Arthur M. Bistline, Coeur d'Alene, for appellant.  Arthur M. Bistline argued.

Ohler Bean, PLLC; Nathan S. Ohler, Coeur d'Alene, for respondent.  Nathan S. Ohler argued.

TRIBE, Judge

Casey Kirk Williams[1] appeals from the district court's judgment and order granting R.C. Worst & Company, Inc.'s (Worst) motion for summary judgment and the judgment granting costs and attorney fees. Williams argues that the district court erred in granting summary judgment based on a lack of contractual privity between her and Worst. Williams also argues that the district court erred in awarding attorney fees to Worst for the frivolous pursuit of her claim. For the below reasons, the district court's judgment and order granting motion for summary judgment and the district court's judgment granting costs and attorney fees are vacated and the case is remanded.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Williams hired Coeur d'Alene Septic to replace a water system on her property. To start the project, Coeur d'Alene Septic ordered several parts from Worst. Approximately a month later, Coeur d'Alene Septic informed Williams the project was too complex to complete and, after refunding Williams, left the project. Worst asserts that, in August 2022, Williams hired Worst to provide materials and complete the project Coeur d'Alene Septic could not finish. Worst originally provided a quote for its portion of the project through Coeur d'Alene Septic. Williams claims that Worst spent over two months replacing the water system and eventually finished the project in October 2022.

Shortly after Worst completed the project, Williams notified Worst that one of the installed water tanks started leaking. Worst acknowledged the problem and directed its employees to address Williams's concerns; however, the issues with the water system persisted. In December 2022, Worst returned to the property to perform further repairs. Ultimately, Williams hired Clearwater Springs to reinstall the water system.

There is no dispute that Worst provided materials, labor, and services to replace the well pump and the collapsed water tank on Williams's property between October 2022 and December 2022. Worst provided Williams with three separate invoices. The first two invoices, both dated December 15, 2022, were for $19,482.43 and $8,849.34, respectively. These invoices covered services performed in October 2022 related to the collapsed tank and its replacement. The third invoice, dated February 7, 2023, was for $3,723.86 and covered the replacement of the

---

[1] There is a lack of consistency in the parties' briefing on appeal regarding the Appellant's last name. This Court will refer to the Appellant as "Williams" for clarity.

collapsed tank in December 2022. Absent a deposit paid by Williams in the amount of $4,652.00, the balance of the invoices remained unpaid.

Ultimately, Worst filed a mechanic's lien against Williams's property and filed a verified complaint to foreclose on the lien. Williams answered Worst's complaint and filed a counterclaim for breach of contract. In February 2024, Worst and Williams entered into mediation and reached a partial agreement. The mediation resolved Worst's claims; however, Williams retained her counterclaim. Several weeks after mediation, Worst filed a motion for summary judgment alleging that Worst and Williams did not have a contract; therefore, Williams could not sue Worst for breach of contract. Williams filed her response and attached only a declaration in support. Williams alleged that, although she and Worst did not have a written contract, they entered into an agreement where Worst agreed to "perform work" on Williams's property. The district court heard oral argument on the motion for summary judgment. The district court determined that Williams did not provide any evidence to establish a genuine issue of material fact that a contract between her and Worst existed. The district court noted that Williams did not present any evidence that set forth the essential elements of the agreement or discussions of the agreement's terms and conditions. The district court granted Worst's motion for summary judgment and awarded attorney fees and costs to Worst. Williams timely appeals.

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Idaho Rule of Civil Procedure 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is

3

lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

On appeal, Williams argues that the district court erred in granting summary judgment to Worst because Worst and Williams had a service contract implied in fact. Worst responds that Williams did not satisfy the standard for submitting evidence on summary judgment under I.R.C.P. 56(c)(4). Alternatively, Worst argues that, even if Williams's evidence is considered, her declaration contained unsupported conclusory statements insufficient to overcome summary judgment. Worst contends that the only two documents Williams relied on to prove the existence of a contract--her answer to Worst's complaint and her declaration in opposition to Worst's motion for summary judgment--are devoid of any material terms necessary to form an enforceable agreement.

### A. Preservation

Before this Court addresses the district court's decision, we first address Worst's evidentiary contentions with Williams's response to Worst's motion for summary judgment. Worst asserts that Williams's declaration is inadmissible for two reasons. First, Worst asserts that the certification in Williams's declaration does not conform to the requirements under Idaho Code § 9-1406. Second, Worst asserts that Williams's declaration contains only bare conclusory statements. Therefore, according to Worst, Williams's declaration does not meet the tenets of I.R.C.P. 56(c)(4) and cannot be considered on summary judgment. In reviewing the record, we conclude that neither of the issues were properly preserved for review on appeal.

The Idaho Supreme Court has held that "it is axiomatic that this Court will not consider issues raised for the first time on appeal." *Siercke v. Siercke*, 167 Idaho 709, 715, 476 P.3d 376, 382 (2020). In general, a party must raise both the issue and their position on that issue before the

4

trial court for this Court to review it. *Id.* Additionally, an issue is sufficiently preserved when the trial court rules on the raised issue. *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853-54 (2022).

Although Worst mentioned that the district court could consider only admissible evidence when deciding a motion for summary judgment, Worst did not challenge the admissibility of Williams's declaration below. Instead, Worst discussed that Williams's responses to the interrogatories and the documents submitted in response to the request for production failed to "identify the parties, nature, scope, or terms of any contract between [Williams] and RC Worst." During oral argument, Worst argued that Williams's declaration was the "only evidence" that the contract existed but it was deficient since the declaration failed to specify what the contract was, the contract terms, the parties to the contract, and Worst's allegedly failed performance. Simply put, Worst argued that Williams's declaration was insufficient, not because of procedural issues affecting its admissibility but, because it failed to identify the terms of the contract. Likewise, the district court made no findings or decisions regarding the admissibility of Williams's declaration. Therefore, we conclude that Worst failed to preserve the argument about admissibility of Williams's declaration for appeal because Worst did not present it to the district court in support of its motion for summary judgment and the district court did not rule on the admissibility issue.

**B.      Genuine Issue of Material Fact**

The district court granted Worst's motion for summary judgment and found no contract existed between Worst and Williams. The district court found that Worst had, in fact, performed services on Williams's property after the original contractor ceased work and disputes arose regarding the services. Nevertheless, the district court concluded that no contract existed between Worst and Williams. The district court emphasized that no written contract was produced; no oral agreement establishing essential terms was shown; and Williams herself attested that she believed her contractor, not she, had engaged Worst. The district court held that there was neither an express contract nor an implied-in-fact contract between the parties, and therefore no contractual obligation between Williams and Worst.

Williams argues that the district court erred in concluding, as a matter of law, that Worst and Williams did not have an implied-in-fact contract. Williams asserts that the record, specifically Worst's own verified complaint, establishes that an agreement existed between Williams and Worst. Williams argues that a contract accepted through performance of services

does not require any specific terms but is implied by conduct. Worst disagrees and responds that Williams failed to provide "objective evidence" that demonstrates an offer and acceptance of each material term required to form an enforceable agreement.

A contract implied in fact exists where there is no express agreement, but the parties' conduct evidences an agreement. *Kennedy v. Forest*, 129 Idaho 584, 587, 930 P.2d 1026, 1029 (1997). The terms and existence of such a contract are manifested by the conduct of the parties. *Clayson v. Zebe*, 153 Idaho 228, 233, 280 P.3d 731, 736 (2012). For example, a contract implied in fact may exist when it can be inferred from the "circumstances attending the performance" that there was: (1) a request for work to be performed, and (2) a promise of payment in exchange for that work. *See Turcott v. Est. of Bates*, 165 Idaho 183, 189, 443 P.3d 197, 203 (2019). Therefore, a court may find a contract was implied in fact when "the conduct of the parties allows the dual inferences that one performed at the other's request and that the requesting party promised payment." *Clayson*, 153 Idaho at 233, 280 P.3d at 736 (quoting *Gray v. Tri-Way Const. Servs., Inc.*, 147 Idaho 378, 387, 210 P.3d 63, 72 (2009)).

An example of an implied-in-fact contract occurs when a patron takes a seat in a barber's chair, no words are exchanged, and the barber proceeds to cut the patron's hair. The parties' conduct under the circumstances demonstrates mutual assent to an exchange: the barber's services in return for the patron's payment. The distinction from an express contract lies in the manner of proof. Whereas an express contract is established by spoken or written words, an implied-in-fact contract is established by the parties' conduct viewed in context. In other words, for an implied-in-fact contract, the nature of the parties' conduct is key.

Consequently, the claim based on an implied-in-fact contract will survive summary judgment if, when viewed in the light most favorable to Williams, the record on summary judgment would permit a reasonable factfinder to find that the parties' acts warrant the conclusion that the parties had a mutual agreement. In evaluating the record to determine whether it supports the district court's summary judgment ruling, we look for evidence of "acts" from which a reasonable factfinder could find the existence of the agreement alleged by Williams.

To support the notion that an implied-in-fact contract existed, Williams submitted the following declaration with two statements:

> 1.    I am over the age of 18 years and am the Defendant in the above-captioned matter and as such I have personal knowledge of the facts and circumstances of this matter and I am testifying herein based upon that knowledge.

2.　　I did not have a written contract with Plaintiff, R.C. Worst & Company, Inc., but I did have an agreement that they would perform work on my property.

In addition to the declaration, Williams also relied on the pleadings in this case, specifically paragraph six of Worst's verified complaint to establish a disputed issue of material fact. The paragraph alleges the following:

Between October 12, 2022 and December 15, 2022, [Worst] provided labor, materials and services related to a collapsed tank and well pump replacement on the Subject Property. Pursuant to their contract, [Worst] billed [Williams] via (a) Invoice 328125 for $19,482.43 dated 12/15/22 for work done 10/12/22-10/31/22 re collapsed tank; (b) Invoice 328124 for $8,849.34 dated 12/15/22 for work done 10/20/22-10/28/22 re well pump replacement; and (c) Invoice 329247 for $3,723.86 dated 2/7/23 for work done 12/14/22-12/15/22 re collapsed tank.

The transcript of the district court's ruling does not reveal whether the court considered the statements contained in Worst's verified complaint or, at a minimum, the paragraph from that complaint specifically cited by Williams in her response to the summary judgment. Although the district court was not obligated to comb the record for uncited materials, it was required to address the record Williams cited. *See* I.R.C.P. 56(c)(3). Facts set forth in a verified complaint that meet the requirements of an affidavit are appropriately considered by the district court as evidence for purposes of summary judgment. *Esser Elec. v. Lost River Ballistics Techs., Inc*., 145 Idaho 912, 919, 188 P.3d 854, 861 (2008); *see also Sherer v. Pocatello Sch. Dist. No. 25*, 143 Idaho 486, 490, 148 P.3d 1232, 1236 (2006) (factual allegations in a verified complaint are sufficient to raise genuine issue in summary judgment proceeding). The rationale underlying this principle is that the purpose of I.R.C.P. 56 is equally served by sworn statements other than affidavits, provided that those statements meet the rule's other requirements.[2] Where, as here, Worst's own verified complaint was sworn to under oath and was accompanied by an independent affidavit attesting to the complaint's truth; the broader purposes of the rules are not served by requiring the nonmoving party to resubmit, in affidavit form, the sworn statements already before the court in the verified

---

[2]　　For purposes of a motion for summary judgment, a verified complaint is the functional equivalent of an affidavit, and the allegations of a verified complaint must therefore satisfy I.R.C.P. 56(c)(4) to be considered in support of or in opposition to the motion. Therefore, a party may rely on allegations in a verified complaint to support or oppose a motion for summary judgment if (1) the allegations are made on personal knowledge, (2) the allegations are based on facts that would be admissible in evidence, and (3) the face of the complaint shows the competence of the verifying party to testify on the matters stated. I.R.C.P. 56(c)(4).

complaint. As a result, statements made in a verified complaint have the status of fact for purposes of surviving a motion for summary judgment.

Considering Worst's verified complaint and viewing the factual statements it contains in the light most favorable to Williams, we conclude that a genuine issue of material fact exists as to whether an implied-in-fact contract existed between Worst and Williams. Paragraph five of Worst's verified complaint indicates that Williams hired Worst on or about August 15, 2022, "to provide labor, services and materials for improvements to" Williams's property. The following paragraph in the verified complaint asserts that Worst performed services and supplied materials for over two months in connection with the collapsed tank and well pump replacement on Williams's property. Worst billed Williams directly for this work in three separate invoices. Worst admits that Williams made an initial payment for Worst's services but refused to pay the remaining balance. Such conduct, much like our barber example above, may reasonably support an inference of mutual understanding between the parties--that Worst undertook to perform services for Williams, and she, in turn, agreed to compensate Worst.

Worst, for the first time at oral argument, contended that Williams conflated her contract with the original contractor, Coeur d'Alene Septic, relating to the septic system, with what she believed to be a separate contract with Worst concerning the water system. According to Worst, the counterclaim's allegations of unworkmanlike performance pertained solely to the septic system, whereas Worst's claim (later resolved in mediation) concerned the installation of the water system. Setting aside that we do not consider arguments raised for the first time on appeal, we find this contention unpersuasive. First, Worst's verified complaint does not clarify whether its work on Williams's property involved the septic system, the water system, or both. Second, it is undisputed that Worst remained on the property and continued work on the water system after Coeur d'Alene Septic ceased its involvement. For the foregoing reasons, the district court erred in granting Worst's motion for summary judgment.

C.      Attorney Fees and Costs before the District Court

Williams challenges the district court's award of attorney fees and costs to Worst. Williams argues that Worst should not have been granted summary judgment so any award of fees and costs should also be vacated. Williams also argues that the district court's conclusion--that her claim was frivolous--was not based on an exercise of reason because it was based on a finding that Williams had pursued a claim she had not. Because we hold that the district court's order

8

granting Worst's summary judgment was erroneous, we conclude that the district court erred in awarding attorney fees and costs based on that ground.

**D.      Attorney Fees and Costs on Appeal**

Worst requests attorney fees on appeal.  Williams does not request attorney fees on appeal. An award of attorney fees may be granted under I.C. § 12-121 and Idaho Appellate Rule 41 to the prevailing party.  Worst is not the prevailing party and is therefore not entitled to an award of attorney fees.  As the prevailing party, Williams is entitled to costs on appeal under I.A.R. 40(a) but is not entitled to attorney fees as she failed to raise that issue on appeal pursuant to I.A.R. 41(a).

**IV.**

**CONCLUSION**

Genuine issues of material fact exist as to the existence of an implied contract between Worst and Williams.  The district court erred in granting Worst's motion for summary judgment. Accordingly, the district court's judgment and order granting motion for summary judgment and the district court's judgment granting costs and attorney fees are vacated and the case is remanded. Williams is awarded costs on appeal.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.